IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CHAD CARROZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-CV-05030-DGK |
| | ) | |
| DAVID BALL, M.D., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING LEAVE TO AMEND AND REMAND**

This case is a medical malpractice action arising from an operation on Plaintiff Chad Carroz's leg. The procedurally history of this case is as follows. The case was originally filed in the Circuit Court of Jasper County, Missouri, and removed to this court after Plaintiff dismissed a non-diverse party. Plaintiff initially brought suit against Defendant David Ball, M.D., a Mississippi citizen, and his employer, Freeman Health System ("Freeman"), a Missouri corporation, and Dr. Ball defaulted. Believing he could recover all of his damages against Dr. Ball in a default judgment, Plaintiff dismissed Freeman from the suit. Dr. Ball moved to set aside the default judgment, and after the motion was granted, immediately removed the case to federal court by invoking the Court's diversity jurisdiction.

Pending before the Court is Plaintiff's Motion for Leave to Amend and for Joinder of Parties (doc. 4), Defendant Ball's Response (doc. 7), and Plaintiff's Reply (doc. 11), as well as Plaintiff's Motion to Remand Removed Action for Lack of Complete Diversity (doc. 5), Defendant Ball's Response (doc. 8), and Plaintiff's Reply (doc. 12). Plaintiff seeks leave to amend the Petition to add Freeman as a defendant and sue it for negligent credentialing. Dr. Ball opposes the motion, arguing it is made in bad faith in order to defeat diversity jurisdiction.

1

"Unless there is a good reason for denial, 'such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted.'" *Becker v. Univ. of Nebraska at Omaha*, 191 F.3d 904, 907-8 (8th Cir. 1999) (quoting *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992). A motion such as this one must be simultaneously evaluated with the Motion to Remand. When a plaintiff seeks to join a party that would destroy diversity jurisdiction, the court must choose to either deny joinder or permit the joinder and remand the case to state court. 28 U.S.C §1447(e). A good faith basis for the joinder must exist beyond the desire to litigate in state court.

Here plaintiff is seeking to restore the case to its original status. Both defendants were originally parties to the suit. It was after the state court entered a default judgment against Dr. Ball that the Plaintiff dismissed Defendant Freeman from the action. There is no evidence that Plaintiff seeks to join Freeman to the suit for any deleterious purposes. Plaintiff's reason for joining Freeman is the same as for inclusion at the commencement of the suit, to obtain relief for an alleged harm. After reviewing the parties' filings the Court finds that the interest of justice requires that leave to amend should be given.

Consequently, Plaintiff's Motion for Leave to Amend and for Joinder of Parties (doc. 4) is GRANTED, and Plaintiff's Motion to Remand Removed Action for Lack of Complete Diversity (doc. 5) is also GRANTED.

**IT IS SO ORDERED**

Date:   June 3, 2011                              /s/ Greg Kays
                                                  GREG KAYS, JUDGE
                                                  UNITED STATES DISTRICT COURT